BENEDICT and others *vs.* LANSING.

An agent of a manufacturing corporation is not necessarily authorized to make a note on behalf of the corporation. To render such a note valid as against the company, the powers of the agent must be shown.

ASSUMPSIT against the defendant, as a stockholder of The Jefferson Woollen Company, a manufacturing corporation formed under the act of 1811, to recover a demand against the company, to the amount of the defendant's stock. Non-assumpsit having been pleaded, the cause was tried at the Albany circuit in October, 1844, before PARKER, Cir. J.

The incorporation of the company was proved, and it was admitted that the defendant was a stockholder to the amount of $500.. It was shown that the company carried on business from the year 1837 to May, 1842, when it ceased to do business, and failed, and its effects were sold under execution. The plaintiff produced a note in the following words:

"$1228. Five months after date, for value received, The Jefferson Woollen Company promise to pay E. Kirby, or order, twelve hundred and twenty-eight dollars, at the Commercial Bank of Albany. Dexter, January 22, 1843.

[Endorsed] E. Kirby. E. KIRBY, Agent."

A witness testified that Edmund Kirby "was the agent of the company from its organization until it broke up and failed," and that the note was signed and indorsed in his hand-writing.

The defendant objected that the note was not shown to be the note of the company, and that no debt against the company in favor of the plaintiff was shown to exist, and on that, among other grounds, moved for a nonsuit. The motion was denied and the defendant excepted. Verdict for the plaintiffs, $500.

*S. Stevens*, for the defendant, moved for a new trial on a bill of exceptions. He insisted that it was not shown that Mr.

Benedict *v.* Lansing.

Kirby had authority to make notes on behalf of the company ; but at any rate his agency terminated with its failure, after which he could do no act to bind them.

*M. T. Reynolds*, for the plaintiffs.

*By the Court*, WHITTLESEY, J.   The way is entirely clear for a recovery in favor of the plaintiffs if they have established a debt against the corporation in their favor, at the time of its dissolution.   The note introduced as the evidence of such debt, bears date in January, 1843, nearly one year after it appears the corporation had entirely failed.   The note thus given in evidence appears upon its face to be the note of the corporation, and not the note of the agent.   The deficiency in the proof seems to me to be in not showing that the agent had power to bind the corporation by instruments of this character.   His power as agent should be shown from the corporate books, or by other evidence if there was a refusal to produce such books. (*Clark* v. *Farmers' Woollen Co.* 15 *Wend.* 256.)   Though it appears that Kirby was agent, it does not appear what power he had as agent.

Again, the proof only shows that Kirby was agent from the organization of the corporation until it failed, and the corporation failed nearly a year before this note was executed; the proof then hardly makes out the agency at the date of the note.

Moreover if the note is to be taken as evidence of the liability of the corporation, it shows an indebtedness only from its date, and as the corporation would appear to have failed nearly a year previous, it shows no indebtedness at the time of its dissolution.

New trial granted.