### FOSTER *v.* OHIO-COLORADO REDUCTION & MINING CO.[1]

*(Circuit Court, D. Colorado.   June, 1883.)*

1. NOTE OF CORPORATION—WHO MAY EXECUTE.
     The authority of an officer of a corporation to execute its note depends upon the by-laws, or upon the custom of the corporation. If it be the custom of a corporation to permit the treasurer to execute its promissory notes, the corporation will be bound by such note; especially, if it received the benefit of the money for which it was executed.

2. EVIDENCE—WEIGHT OF.
     When there are written evidences made by the parties at the time the transactions occurred, these are entitled to more weight than contrary statements made subsequently, and after a litigation has sprung up. The jury are to judge of the evidence.

At Law.

*Browne & Putnam,* for plaintiff.

*Wells, Smith & Macon,* for defendant.

McCRARY, J., *(charging jury.)*   This is largely a case to be determined upon questions of fact.   Such questions are exclusively for the consideration of the jury.   The province of the court is only to call your attention to the principles of law by which you are to be guided in the application of testimony.

The plaintiff, Mrs. Susan Foster, sues the defendant, the Ohio-Colorado Reduction & Mining Company, a corporation, and she alleges that company is indebted to her upon a promissory note for $10,500.   The defense is twofold: *First,* that this is not the note of this defendant corporation; and, *second,* that there was no valid, subsisting debt from the corporation to Mrs. Foster at the time the note was given, and for which it was given.

These, then, gentlemen, are the two matters for you to consider.

Upon the first question, as to whether this is the note of the defendant corporation, that is to be determined upon the question whether the person who executed the note on behalf of the corporation, Mr. Penn, the treasurer of the company, was authorized to execute such an instrument.   The law upon this subject is that the authority is not presumed from the mere fact that the person assumed the right to give a note in the name of the corporation. A corporation is an artificial person, which must act within certain limits.   It differs from a natural person.   If an individual gives his note, it is not necessary to prove anything in the way of authority, but a corporation must act by way of agents, and the authority of the agent who acts for it is not presumed.   It may, however, be shown, either by showing an express authority,—as, for example, a resolution of the board of trustees authorizing a certain party to execute a note on behalf of the corporation,—or by a provision of the constitution or by-laws of the corporation authorizing a certain offi-

[1] From the Colorado Law Reporter.

cer to execute promissory notes. It might be shown in that way; but I believe it is not claimed that there is anything of this kind here. It may also be shown by the course of dealings of the corporation, and by facts and circumstances which are sufficient, in the judgment of the jury, to show that the party who executed the note had the authority. If it was the custom of this corporation to permit the treasurer to execute its promissory notes, and if he was in the habit of doing so, with the knowledge of the trustees, or of the corporation,—which means, of course, the trustees,—they had, by recognizing that custom, and acting upon it, themselves become bound by it, and especially if they received the benefits of transactions of this sort, which they permitted the treasurer to enter into. It is only, therefore, necessary for you, in considering this branch of the defense, to inquire whether the evidence here establishes the fact that Mr. Penn, the treasurer, was in the habit of acting for and on behalf of the corporation in executing promissory notes and other instruments of like character, and whether the corporation was aware of that fact, and made no objection to it. If you find this to be so, then you will come to the conclusion that the note was executed by the corporation, and you will proceed, then, to the other question; that is, whether the corporation was indebted to Mrs. Foster in the amount of money for which this note was given. Upon that question there is a great deal of testimony, and I do not know that I can say much which will aid you in its elucidation. It is to be determined upon all the circumstances developed before you in evidence. In looking into it, you will have to consider what has been testified here upon the stand, and what has been testified by the witnesses whose depositions have been taken.

You will have to look into such documentary evidence as is before you; as, for example, the books of the corporation, and the correspondence which is in evidence—the letters; and it is not improper for me to say that the letters that are written by a business man, in the course of a business transaction, at the time that the events are transpiring, if they bear upon the question that you have to consider, are often very satisfactory evidence,—much more satisfactory than the statements of parties after they have come into conflict, and after a controversy has arisen, and they have become biased and heated and excited by that controversy. If you can go back to the time when the transactions were going on—when there was no difficulty between the parties—and if you can find either in the records they kept, or letters they wrote, anything that bears directly upon the question in controversy, you are authorized to give a good deal of weight to anything of that kind; and therefore you will look into the letters which are in evidence, and see how far they corroborate the statements of Mr. Penn upon the stand. If they corroborate them,—if there is nothing in them in conflict with his statements here,—they may be taken as important in the support of the claim of this plaintiff; but if, at

the time these transactions were transpiring, he made any statements in this correspondence which contradict the claim of the plaintiff here and now, or contradict Mr. Penn's statements upon the stand, that would throw some suspicion upon that much of his testimony. I do not say to you, gentlemen, whether there is anything in these letters that contradicts Mr. Penn, or anything that confirms or corroborates him. That is for you to say. I only say that the contemporaneous writings are often very satisfactory, where there is a conflict of testimony, such as you have here. Here are these books; you take them and examine them for what they are worth. If they do not purport to be a record of such transactions as that which is now in controversy, why, of course, they are not important; but if they do contain records of such transactions,—if they show, in other words, what moneys were borrowed by the corporation, and do not show any transactions with Mrs. Foster of this character,—it is for you to consider what weight should be given that fact. In determining the question before you, you will also look at the testimony that bears on the question, how much money was raised by this corporation, and from what sources, and give the testimony such weight as it is entitled to in determining the question whether this amount of money was furnished by Mrs. Foster and put into its business or not. There is some dispute as to whether any money was furnished by Mrs. Foster. If any money was furnished, the principal controversy is as to whether it was furnished to the corporation, or furnished by her to Mr. Penn, to be used on his own behalf, and as an advancement by her to him. If, when the corporation was in trouble, Mr. Penn went to her, induced her to loan money to the corporation, gave the note of the corporation for money that went into its business, then she ought to have judgment for the amount. If, on the other hand, Mr. Penn obtained money from her to be put into the business on his own account, and afterwards gave this note in settlement of that account, in the name of the corporation, of course, if that be the fact, the plaintiff is not entitled to recover.

These are the two theories, gentlemen, and here is all this evidence. You must take it and determine.

It appears that it is a controversy of long standing; the parties live at great distance; it is, necessarily, very expensive litigation. Therefore, it is exceedingly desirable that you should go to your room in a spirit of mutual concession, to hear and receive each other's judgments and views, to arrive at a conclusion, and put an end to this controversy.

If you find for the plaintiff, your verdict will be the amount of this note, with interest to this date. If you find for the defendant, you will simply say so.

Verdict: "We, the jury, find the issues in this case for the defendant."