[No. 9,378.  Department One.—August 18, 1884.]

GEORGE D. BLISS, RESPONDENT, *v.* THE KAWEAH
CANAL AND IRRIGATION CO., APPELLANT.

CORPORATION — CONVEYANCE — SEAL — EVIDENCE. — Where the corporate seal of a
corporation, accompanied by the signatures of the proper officers, is affixed to
an instrument, the seal is itself *prima facie* evidence that it was affixed by
proper authority.

ID. — AUTHORITY OF PRESIDENT — The president of a corporation has no authority,
by virtue of his office, to purchase or sell real property for the corporation at his
discretion.  The power can be conferred only by the board of trustees.

ID. — ESTOPPEL. — A corporation is not estopped to deny the validity of an unau-
thorized act of an agent when it has not availed itself of any benefit from his
act.

APPEAL from a judgment of the Superior Court of the
county of Tulare, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*Brown & Daggett,* and *D. S. Terry,* for Appellant.

*Atwell & Bradley,* for Respondent.

The COURT. — Appellant avers there was no evidence to sus-
tain the findings of the court below as to the existence of a nat-
ural water-course, known as Outside Creek, and that defendant
constructed a dam across the channel of that creek, and diverted
its waters.

There was evidence tending to prove that Outside Creek was
a natural water-course, and that defendant's dam was erected
across the stream and operated a diversion.  As to the point
most insisted upon by appellant, the witness *Hyde* testified:
" I have seen defendant's dam.  It is a very well constructed
dam.  It is across the channel of Outside Creek, where the bulk
of the waters formerly ran down, and always has since I knew
the stream.  Its effect is to obstruct the flow of water, and
entirely prevent it from flowing down at that point."  So the
witness *Jefferds* gave testimony tending to show that defendant's
dam was below the People's Ditch, and diverted water which
would flow to plaintiff's land.  There was other testimony to
the same effect.

If it should be conceded upon the facts proved that the water
stopped and diverted by defendant was the overflow from the

*People's Ditch* into a channel of Outside Creek, and that the People's Ditch Company might have diverted the overflow, this would not authorize defendant to divert it, unless it appeared defendant had acquired the right from the People's Ditch Company.

Appellant contends the court below erred in sustaining plaintiff's objection to an instrument purporting to be an agreement between defendant and the People's Ditch Company.

The corporate seals of the two companies are attached to the instrument, and it is subscribed:—

[CORPORATE SEAL.]                            "BURK MILES,
[CORPORATE SEAL.]                            "B. F. MOORE,
" President of the Kaweah Canal and Irrigation Company."

The instrument was duly executed by the defendant.

No official designation is placed opposite to or below the name *Burk Miles*, but the signatures and seals are immediately preceded by the statement: "In witness whereof, the parties hereto have, by their duly authorized presidents, hereunto signed these presents, and have caused their respective corporate seals to be affixed thereto."

When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. The contrary must be shown by the objecting party. (Angell & Ames on Corp. § 224.) But the corporate seal affixed to a contract or conveyance does not render the instrument a corporate act, unless it is affixed by an officer or agent duly authorized.

It must be affixed by the officer to whose custody it is confided, or by some person specially authorized; the officer or special agent acting in consequence of the directory vote of the body, or managing board of the corporation, as the case may be. (Angell & Ames on Corp. § 223.) Here it was affirmatively proved that no resolution of the trustees was passed authorizing Burk Miles, as an individual, or as president, to execute the instrument or attach the seal; that no authority whatever was given him to execute the document. It is true the presumption of authority to affix the common seal will not be overcome in

case of the *cashier of a bank*, by the mere fact that it is proved that there is no vote of the directors on the subject.

The same may be true of the acts of similar officials of other corporations. But in the case at bar there was no evidence that Burk Miles was an agent clothed with general powers, which might include the power to execute such an instrument. Indeed, under our law the power, at his discretion, to purchase or sell real property could not be conferred upon an agent other than the trustees themselves. No such power is conferred by the statute upon the *president* of a corporation, and there is nothing in our law which would give it by implication.

It is suggested, however, that the evidence shows that the contract was executed.

The instrument recites that the Consolidated People's Ditch Company is the owner of a ditch running from the Kaweah River to Johnson's Slough, and the defendant of a ditch from the same river to a point where the People's Ditch *commences*. Each company conveys to the other one half undivided of its ditch. It is stipulated that all expenses for keeping the ditches in repair, etc., shall be borne share and share alike; and that after the People's Company has taken a certain quantity of water the defendant may take another certain quantity, if the same is running in the ditches, and further, that any excess shall be equally divided.

Water from the Kaweah was first appropriated by the People's Company, and the evidence does not show that the event ever occurred which authorized defendant to use any of the water. It cannot be said, therefore, that the People's Company is estopped from denying the right of the defendant from using water from its ditch; certainly there is no evidence in the transcript from which it appears defendant has acquired a permissive right to dam up the waters flowing below the foot of the ditch. Besides, there is evidence tending to prove that some of the waters whose flow was stopped by the defendant did not come from the People's Ditch, and it was for defendant to show what proportion came from that ditch.

Judgment and order affirmed.