# CHICAGO ELECTRIC LIGHT RENTING COMPANY
## v.
# WILLIAM S. HUTCHINSON.

*Negotiable Instruments—Authority of Agent to Make Notes—Plea of General Issue—Affidavit—Evidence—Common Counts—Joint Liability—Practice—Opening Judgment.*

1. A general agent has no authority as such to make promissory notes in the name of his principal. The authority will not be implied, but express authority must be shown.

2. A plea of the general issue verified by affidavit, in an action of *assumpsit* on a promissory note, requires the plaintiff to prove the execution of the note. If it was executed in the name of the defendant by one claiming to act as his agent, the plaintiff must also show the agent's authority to execute the note.

3. A recovery can not be had against defendants jointly under the common counts upon an indebtedness for which but one is shown to be liable.

4. Under a stipulation for opening a judgment entered by default, it is *held:* That it was incumbent upon the plaintiff to make out his case precisely as though no judgment had been entered; and that the judgment must fail for want of evidence, the note not having been offered or read in evidence.

[Opinion filed March 28, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

Mr. JOHN M. GARTSIDE, for appellee.

"A person occupying the position of agent or superintendent for a company notoriously and openly, will be presumed to have been duly appointed to do any act properly pertaining to such position and within the chartered powers of the corporation." Doan v. Duncan, 17 Ill. 272; St. L., A. & C. R. R. v. Dalby, 19 Ill. 353; Taylor v. Taylor, 20 Ill. 650; R., R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417.

"If the officers and agents of a corporation contract with other persons and in their negotiations so act as to induce

Chicago Electric Light Renting Company v. Hutchinson.

such persons to believe that they are acting for the corporation, and credit is given upon that belief, the corporation will be liable though such officers and agents were not, in fact, acting for it in such negotiations." Wilson Sewing Machine Co. v. Boyington, 73 Ill. 534.

The points raised by the appellant, that the note in question was not placed in evidence, and that there was no evidence fixing the value of the smoke consumer, can be of no avail; because the judgment, subject to which the stipulation allowing appellant to plead was made, presupposes the introduction of the note and the fixing of the price agreed to be paid for the smoke consumer. The legal effect of the stipulation was to permit the appellant corporation to show want of joint liability with defendant Hapgood to pay the judgment already rendered against it and Hapgood jointly. The judgment had already been obtained against appellant, and the burden was on it to show why the judgment should not be allowed to stand. It was, therefore, not necessary for the appellee to introduce the note except as a memorandum, which was done; nor was it necessary to establish the value or price agreed upon for the smoke consumer, as that was impliedly admitted by the stipulation.

This stipulation, in effect, admitted the making of the note in question by Hapgood in the name of himself and the appellant corporation; admitted the amount due upon the note at the time the joint judgment was entered; admitted the entering of the joint judgment; and simply permitted the appellant to come into court and show cause why it should not be held jointly liable thereon with said Hapgood.

BAILEY, J. This was a suit in *assumpsit*, brought by William S. Hutchinson against the Chicago Electric Light Renting Company and John H. Hapgood, to recover upon a promissory note, of which the following is a copy:

"$125.00. CHICAGO, Sept. 8th, 1885.

"Thirty days after date, we promise to pay to the order of W. S. Hutchinson one hundred and twenty-five dollars, at 57 Honore Block. Value received.

"CHICAGO ELECTRIC LIGHT RENTING Co.,

"JOHN H. HAPGOOD, Manager."

Both of the defendants having been duly served with process, judgment was rendered against them by default for $126.20 and costs. A stipulation was afterward entered into by the attorneys of the respective parties, that the Chicago Electric Light Renting Company might plead, without prejudice to the rights of the plaintiff as against defendant Hapgood, and that the judgment should stand of record against both defendants until the decision of the court "as to the rights and liabilities of said company in the premises." Said company thereupon pleaded *non assumpsit* and a plea denying joint liability with the other defendant, said pleas being duly verified by affidavit, and the cause being afterward tried by the court, a jury being waived, the issues were found for the plaintiff, and an order was entered that the judgment theretofore rendered stand in full force and effect as to the time of its rendition, and that the plaintiff recover his costs.

So far as appears from the bill of exceptions, the plaintiff failed to offer or read his note in evidence, and we therefore think that his judgment must fail for want of evidence. By the stipulation and pleas the entire controversy between the parties was opened. It was not the effect of the stipulation, as we understand it, to retain the judgment as *prima facie* evidence of the plaintiff's rights, and to merely allow said company by its pleas to interpose affirmative defenses, but the "rights and liabilities" of said parties were subjected to relitigation, and it was therefore incumbent upon the plaintiff to make out his case precisely as though no judgment had been entered.

But, if we could treat the note as having been properly offered, we are still of the opinion that the judgment is unsupported by the evidence. Where, in *assumpsit* on a promissory note, the defendant pleads the general issue and verifies his plea by his affidavit, the burden is thrown on the plaintiff to prove the execution of the note; and if the instrument is executed in the name of the defendant by some other person claiming to act as his agent, he must also show that such agent had competent authority to execute it for the defendant.

Chicago Electric Light Renting Company v. Hutchinson.

The note in question was given for a smoke consumer pur-hased of the plaintiff by Hapgood, for the use of said com-pany, Hapgood being at the time the manager of the company and having general charge of its business. The note was exe-cuted by Hapgood, he signing to it both the company's name and his own. There is no competent evidence of Hapgood's authority to execute promissory notes on behalf of his com-pany, beyond the mere fact that he was its manager. The word "manager" may probably be deemed to import a gen-eral agency, but the rule is that a general agent, without being specially empowered so to do, has no authority to make prom-issory notes in the name of his principal. The authority will not be implied, but express authority must be shown. This rule is fully sustained by the following authorities: McCul-lough v. Moss, 5 Den. 567; Benedict v. Lansing, 5 Den. 283; N. Y. Iron Mine v. Negaune Bank, 39 Mich. 644.

Nor is the case one where the plaintiff could recover under the common counts for the indebtedness for which the note was given. The smoke consumer was purchased by Hapgood for the company, and the indebtedness thereby created was against the company alone, and not against the company and Hapgood jointly. Joint liability was put in issue by the com-pany's plea, but, even if no such plea had been interposed, a recovery could not be had against the defendants jointly upon an indebtedness clearly shown by the evidence to be an indebt-edness for which only one of them was liable.

As the judgment is unsupported by the evidence, it will be reversed and the cause remanded.

*Judgment reversed.*