# ELKHART HYDRAULIC COMPANY *v.* TURNER, RECEIVER.

[No. 21,076. Filed May 26, 1908.]

1. CORPORATIONS. —*Hydraulic.*—*Notes.*—*Execution.*—*Statutes.*—Under §4591 Burns 1908, §3698 R. S. 1881, providing that "all notes, bonds or contracts entered into by the company, signed by the president, shall be binding on the company," a note signed: "Elkhart Hydraulic Co., by J. L. Brodrick, Pres.", does not bind such company, unless it be further shown that such note was "entered into by the company." p. 457.

2. CORPORATIONS.—*Agents.*—*Execution of Notes.*—Since a corporation can act only through agents, a denial by it of the execution of a note challenges the authority of its agent to execute such note. p. 458.

3. PLEADING.—*Answer.*—*Non Est Factum.*—*Notes.*—*Corporations.*— *Agents.*—In an action against a corporation to recover upon a note, the answer of *non est factum* casts the burden upon plaintiff of proving that the agent executing such note had authority to do so. p. 458.

4. EVIDENCE.—*Execution of Note by Corporation.*—*President's Signature.*—*Inferences.*—*Judicial Notice.*—*Non Est Factum.*—Under a corporation's answer of *non est factum*, in an action against it upon a note signed by its president, the authority of the president must be affirmatively proved, the courts being unable to take judicial knowledge of by-laws or customs of private corporations, and there being no inference of such authority from his signature. p. 458.

5. CORPORATIONS. — *Notes.*—*Execution.*—*President.*—The president of a corporation has no power to execute a note on behalf of such corporation, unless such power is given by the corporation charter, or by the board of directors. p. 459.

6. SAME.—*Execution of Notes.*—*President.*—*Authority.*—*Ratification.*—*Custom.*—*Estoppel.*—A note signed by the president of a private corporation is enforceable against the company only where the holder shows that such president was authorized so to do by the corporation charter, board of directors, or custom, or by the company's ratification thereof, or by estoppel. p. 459.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Action by Perry L. Turner, as receiver of the Indiana National Bank, of Elkhart, against the Elkhart Hydraulic Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John M. VanFleet,* for appellant.

*Perry L. Turner* and *James L. Harman,* for appellee.

MONTGOMERY, J.—This action was brought by appellee, as receiver of the Indiana National Bank, upon two promissory notes. Appellant answered in three paragraphs: (1) *non est factum;* (2) want of consideration; (3) payment; and to the affirmative answers appellee replied by general denial. A trial by jury resulted in a verdict for $7,434.08 in favor of

appellee, upon which, after overruling appellant's motion for a new trial, the court rendered judgment.

The overruling of appellant's motion for a new trial is the only error assigned.

The notes in question were signed "Elkhart Hydraulic Co., by J. L. Brodrick, president." Appellee showed by

1. two witnesses that J. L. Broderick was president of the hydraulic company upon the dates of the notes, and that the signatures were genuine, and that the notes were found among the assets of the bank, of which Brodrick was also president, after its doors had been closed. The notes were thereupon offered in evidence, and to their introduction appellant objected, for the reason that no evidence had been given that the president was authorized to execute the notes in appellant's name. The objection was overruled and the notes admitted in evidence, and the correctness of that ruling presents the controlling question for our decision.

It is provided in §4591 Burns 1908, §3698 R. S. 1881, with regard to hydraulic companies, that "all notes, bonds or contracts entered into by the company, signed by the president, shall be binding on the company." Appellee cites this statute in support of the court's ruling, and contends that a showing merely that the name of the company was subscribed to the notes by its president, established a *prima facie* case of authority, and that it was unnecessary to prove express or general authority to do such acts, or that the notes were given in regular course of the company's business. The statute before quoted does not purport to authorize the president to enter into any obligation on behalf of such company, but relates only to the formality of execution, and declares that any note, bond or contract entered into by the company shall be binding when signed by its president. The statute, therefore, lends no substantial aid in the solution of the problem with which we are confronted.

An issue over the execution of a written instrument by an

individual is usually determined by the genuineness of his signature, but a corporation can act only by means of agents, and has no characteristic autograph. A denial by a corporation of the execution of a writing, purporting to have been signed in its behalf by a particular person, necessarily challenges the authority of such alleged agent, and is more likely to involve that question than the authenticity of the handwriting employed. *New York Iron Mine* v. *Citizens Bank* (1880), 44 Mich. 344, 6 N. W. 823.

The answer of *non est factum* imposed upon the appellee in this case the burden of proving that these notes were executed by appellant—that is by its agent acting with express or apparent authority to make such contracts or to affix its name thereto and thereby make them binding obligations. *Helena Nat. Bank* v. *Rocky Mountain Tel. Co.* (1898), 20 Mont. 379, 51 Pac. 829, 63 Am. St. 628; *Chicago Electric Light, etc., Co.* v. *Hutchinson* (1888), 25 Ill. App. 476; *New York Iron Mine* v. *Citizens Bank, supra.*

There was no dispute but that the notes were signed by appellant's president, and appellee insists that his authority so to do may be inferred from his official position. The authority of the several officers of a private corporation ordinarily depends upon the by-laws or the custom of the company. Courts cannot know judicially the substance of such by-laws or customs, and when the issue upon trial is the authority of a certain officer to execute a promissory note, the mere title of his office affords no foundation for a presumption of law or an inference of fact that he possessed the disputed authority. Legal presumptions ordinarily have no application in settling the issue raised by an answer of *non est factum,* and in this connection we quote from the case of *Sears* v. *Daly* (1903), 43 Ore. 346, 73 Pac. 5: ''In an action upon a promissory note, where its execution is denied by the defendant, there is no presumption that it has been regularly executed. In such case the plaintiff must establish the fact that it is the note of the defendant,

and on this proposition he has the burden of proof through-out. * * * In case an instrument in form a promissory note is shown or admitted to have been executed, certain presumptions will attach to it in the hands of the holder, such as that it was made for a valuable consideration, regu-larly indorsed for value before maturity, is truly dated and the like; * * * and, in an action thereon between the immediate parties, the onus is upon the defendant to estab-lish any affirmative defense. * * * But, where the mak-ing of the note is the point in issue, no presumption can at-tach until its execution is shown. A promissory note is a promise in writing to pay to a person therein named a cer-tain sum of money at a specified time. Until the fact of the signing and delivery by the defendant, or by his authority, is established, there is no promissory note, and nothing to which a presumption can attach.''

It may be stated as a general rule that the president of a corporation has no power to bind it by his signature to com-mercial paper, unless the authority to do so is ex-pressly conferred by the charter, or given by the board of directors. 21 Am. and Eng. Ency. Law (2d ed.), 859.

Our attention has not been directed to any case, and we have been unable to find any, holding that the authority of the president of a private corporation to execute a promissory note in its name, when specifically denied, may be inferred from his official station and the doing of the act in question. Our conclusion is that proof merely that appellant's name was subscribed to the notes by Brod-rick, while acting as president, was not sufficient to make a *prima facie* case and entitle the notes to be read in evidence, but it was incumbent on appellee to go farther and show that the president was authorized by the board of directors or by-laws to execute the notes, or had been given apparent authority by the board to do so, by being entrusted with the general management and conduct of the corporate business,

or by having been habitually permitted to borrow money and to execute notes in course of its business. If the issues warranted, it might also be shown that the execution of the notes had been ratified, or that the company was estopped to question their validity by having accepted and knowingly retained the proceeds or benefits of the transaction. There was no evidence to show what authority the president possessed or what duties he performed, whether he was actively engaged in the conduct of appellant's business, or whether his official title was largely complimentary and his relation to the activities of the company merely nominal. The court erred in overruling appellant's objections to the admission of each of the notes in evidence. *Gould* v. *W. J. Gould & Co.* (1903), 134 Mich. 515, 96 N. W. 576, 104 Am. St. 624; 2 Am. and Eng. Ann. Cas. 519; *City Electric St. R. Co.* v. *First Nat. Exch. Bank* (1896), 62 Ark. 33, 34 S. W. 89, 31 L. R. A. 535, 54 Am. St. 282; *McCullough* v. *Moss* (1846), 5 Denio 567; *Wait* v. *Nashua Armory Assn.* (1891), 66 N. H. 581, 23 Atl. 77, 14 L. R. A. 356, 49 Am. St. 630; *Mt. Sterling, etc., Road Co.* v. *Looney* (1859), 1 Met. (Ky.) 550, 71 Am. Dec. 491; *Bacon* v. *Mississippi Ins. Co.* (1856), 31 Miss. 116; *Craft* v. *South Boston R. Co.* (1889), 150 Mass. 207, 22 N. E. 920, 5 L. R. A. 641; *Helena Nat. Bank* v. *Rocky Mountain Tel. Co.* (1898), 20 Mont. 379, 390, 51 Pac. 829, 63 Am. St. 628; *Oak Grove, etc., Cattle Co.* v. *Foster* (1895), 7 N. M. 650, 661, 41 Pac. 522; *First Nat. Bank, etc.,* v. *Hogan* (1871), 47 Mo. 472; *Chicago, etc., R. Co.* v. *James* (1867), 22 Wis. 197; *Bliss* v. *Kaweah Canal, etc., Co.* (1884), 65 Cal. 502, 4 Pac. 507; *Titus & Scudder* v. *Cairo, etc., R. Co.* (1874), 37 N. J. L. 98-100; *Hyde* v. *Larkin* (1889), 35 Mo. App. 365; *Foster* v. *Ohio-Colorado, etc., Mining Co.* (1883), 17 Fed. 130; *Spangler* v. *Butterfield* (1882), 6 Colo. 356; *People's Bank* v. *St. Anthony's, etc., Church* (1888), 109 N. Y. 512, 17 N. E. 408; *Life, etc., Ins. Co.* v. *Mechanic Fire Ins. Co.* (1831), 7 Wend. (N. Y.) *31; *Lyndon Mill Co.* v. *Lyndon, etc., Institution* (1891), 63 Vt.

581, 22 Atl. 575, 25 Am. St. 783; *Third Nat. Bank* v. *Laboringman's, etc., Mfg. Co.* (1904), 56 W. Va. 446, 49 S. E. 544; *Stokes* v. *New Jersey Pottery Co.* (1884), 46 N. J. L. 237; *Elwell* v. *Puget Sound, etc., R. Co.* (1893), 7 Wash. 487, 35 Pac. 376; *Reeder* v. *Lewis & Mason, etc., Co.* (1885), 7 Ky. Law. Rep. 364; *Dreeben* v. *First Nat. Bank* (1907), (Tex.), 99 S. W. 850; 1 Beach, Priv. Corp, §§187, 205; Tiedeman, Commercial Paper, §121; 2 Cook, Corporations (5th ed), §716; 4 Thompson, Corporations, §4619; 1 Morawetz, Priv. Corp. (2d ed.), §537; 1 Waterman, Corporations, p. 445.

Other alleged errors have been presented and discussed; but, as they may not arise again, their consideration is unnecessary.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.