## W. A. FLINT COMPANY ET AL. *v.* JOHN V. FARWELL COMPANY.

[No. 23,800. Filed March 14, 1922. Rehearing denied October 26, 1922.]

1. JURY.—*Action on Note and to Foreclose Mortgage.—Right of Surety to Jury Trial on Legal Issues.—Statutes.*—Under Art. 1, §20, Constitution, and §418 Burns 1914, §409 R. S. 1881, allowing a jury trial on demand on issues triable by jury before the jurisdictions at law and in equity were combined, where sureties on a note are joined as defendants in an action against the principal on the note and to foreclose the mortgage given to secure it, but no cause of action for equitable relief was stated against them, and strictly legal issues were formed as between the sureties and plaintiff by the complaint against them and by a counterclaim filed by one of such sureties, it was error to overrule a proper request by defendant sureties for a trial by jury of the issues at law. p. 444.

2. PLEADING. — *Trial. — Evidence.— Admissibility.— Promissory Note Competent against Part of Defendants.*—In an action against a corporation and a number of individuals on a promissory note signed by all of the defendants, where the corporation alone denied the execution of the note by a verified plea, the note was admissible in evidence as against the defendants

who had not denied its execution, so that it was not error to admit the note over the objection of the corporation that its execution had not been proved, as an instrument of writing competent for any purpose may be admitted in evidence. p. 446.

3. CORPORATIONS.— *Mortgages.—Execution.—Proof.—President's Signature.*—That a mortgage on the real estate of a corporation was signed by its president "for the company" is insufficient to show that the instrument was executed by the corporation, as the mere fact that the signer was president of the company did not prove that he was authorized to execute in its name a mortgage on its real estate. p. 447.

4. APPEAL.—*Review.—Admission of Evidence.—Error.—Cure by Subsequent Evidence.*—In an action against a corporation to foreclose a mortgage, the execution of which was denied by a verified plea, the admission in evidence of the mortgage without proof of authority to execute the mortgage was cured by the subsequent admission without objection of an agreement signed by all the directors of the corporation for the execution of the mortgage, and subsequent agreements for extension of time purporting to be signed by the corporation. p. 448.

5. APPEAL.—*Rehearing.—Scope of Review.—New Points.*—Under Rule 22 of the Supreme Court, points not made in the original brief are not available on petition for rehearing. p. 450.

6. SET-OFF AND COUNTERCLAIM.—*Action on Promissory Note.— Right to Counterclaim for Damages from Separate Transaction.—Statutes.*—In an action which as against cross-complaint asked only for a personal judgment on a note, under §353 Burns 1914, §348 R. S. 1881, providing that, in actions for money demands upon contract, set-offs may be allowed for matters arising out of debt, duty, or contract held by defendant at the time the action was commenced, and matured at or before the time it is offered as a set-off, cross-complainant was entitled to present as a set-off a claim for damages caused by plaintiff's wrongful acts in inducing cross-complainant to assign certain stock to plaintiff's employe; and such plea of set-off did not tender an equitable issue and had no necessary relation to the issue joined on a complaint to foreclose a mortgage on real estate which had been given by another defendant to secure the note in suit.   p. 450.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by the John V. Farwell Company against the W. A. Flint Company, William A. Flint, and others.

From a judgment for plaintiff against all defendants, the W. A. Flint Company, William A. Flint, and another appeal. *Reversed in part.*

*William A. Cullop, Arnold J. Padgett* and *Arthur A. Clark,* for appellants.

*Ewing R. Emison, Clarence B. Kessinger* and *William S. Hoover,* for appellee.

EWBANK, C. J.—Appellee sued the appellant company, the two individual appellants, and two others, seeking to recover on certain promissory notes and a mortgage on real estate. One of the defendants, who had not executed any of said instruments, but who had accepted a conveyance of the real estate containing a covenant to pay the mortgage debt, was defaulted. Upon issues joined on answers by each of the three appellants and another defendant, who did not appeal, and replies thereto, and upon a cross-complaint by the appellant William A. Flint and an answer thereto by appellee, the case was tried by the court without a jury. The court found in favor of appellee as against all of the defendants, including appellants, and rendered a personal judgment against all of them for $27,105.85, without relief, and decreed the foreclosure of the mortgage and sale of the mortgaged real estate. Each of the appellants filed a motion for a new trial, which was overruled, and they excepted and each of them has assigned that ruling as error.

The causes for a new trial relied on by the W. A. Flint Company are the admission in evidence of an alleged note for $30,000 purporting to have been signed "W. A. Flint Company, by W. A. Flint, Pres., D. H. Crabbs, Secy.," and of the alleged mortgage purporting to secure that note, and purporting to have been signed in the same manner, and acknowledged by said Flint and Crabbs, as president and secretary of the company, re-

spectively, without having made preliminary proof of the execution of either instrument, except by proof that William A. Flint was the president of the company, that he signed both papers as such president, and that the signature on each was his signature as president.

The errors relied on by the appellants, William A. Flint and Harold P. Flint, respectively, are overruling their motion for a trial by jury of the issues joined on their answers to the complaint, overruling the separate motion of William A. Flint for a trial by jury of the issues joined on his answers to the second paragraph of the complaint, and overruling his separate motion for a trial by jury of the issues joined on his cross-complaint.

The first paragraph of the complaint alleged, in substance, that the appellant company, the appellants William A. and Harold P. Flint, and one David H. Crabbs, executed a promissory note dated June 14, 1913, payable to the order of Francis F. Ferry five years after date, without relief, which contained a recital that, "This is collateral security to cover any indebtedness now owing to John V. Farwell Co. (the appellee) or to be hereafter contracted between the date of this note and the corresponding period in 1918;" that to secure the note the appellant company executed a mortgage of the same date conveying certain real estate to said Francis F. Ferry, subject to a prior incumbrance of $10,000, by which it covenanted to pay insurance, taxes and improvement assessments; that four years and a half later the said Francis F. Ferry assigned the note and mortgage to appellee; that certain insurance, taxes and assessments became delinquent, and appellee was compelled to pay them, and that the mortgage debt was in default.

The second paragraph of the complaint alleged, in substance, that on June 14, 1913, the appellant company

was indebted to appellee on an open account and on a note, and that it applied to appellee for a further advancement of merchandise and a loan, and for an extension of time on its said note; that appellee entered into a written agreement with these appellants and David H. Crabbs, to the effect that said extension of time, loan and advancement of merchandise were to be made by appellee to the appellant company, amounting to $30,000, and that for the debt appellee would take twelve notes signed by appellants and D. H. Crabbs, all dated June 14, 1913, for $2,500 each, payable at intervals of four months from May 1, 1914, to January 1, 1918, inclusive; that said contract recited that the above mentioned note for $30,000 and second mortgage on lands of the appellant company had been executed "to said Francis F. Ferry for the benefit of the said John V. Farwell Company, * * * to be by him assigned to said John V. Farwell Company, to be held by it as security to cover the aforesaid indebtedness of $30,000 owing by said parties of the first part in twelve promissory notes, heretofore described, * * * and to secure payment of any additional note or notes, or renewals of existing notes * * * or loans hereafter made by said John V. Farwell Company, to said parties;" that the note for $30,000 and the mortgage securing it were executed and afterward assigned to appellee, as was alleged in the first paragraph of complaint; that the debt due on said twelve notes was in default, and that the mortgage secured such debt.

The W. A. Flint Company answered separately by a denial, plea of payment, plea of no consideration, and of release by certain alleged action of the bankruptcy court, and by verified denials that it executed either the note for $30,000 or the mortgage securing it. The other appellants and David H. Crabbs answered by a denial and plea of payment, and filed partial answers as to

the $30,000 note, denying that there was any consideration for its execution, together with pleas that these appellants were mere sureties of the W. A. Flint Company upon all of the notes sued on, and that, by reason of alleged extensions of the time for payment and other facts stated, they had been released, and that appellee had received and accepted property of the W. A. Flint Company directly, and through its alleged agents, in amounts exceeding the debt sued for, which should be credited on such debt. A cross-complaint was filed by William A. Flint which alleged that the appellee had entered into certain contracts with him and had breached said contracts in a manner as stated, and thereby had damaged him in the sum of $143,000, and that said sum was due and unpaid. The appellee replied to these answers by a denial, and answered the cross-complaint by a denial, and by a special plea that William A. Flint was not the real party in interest in his alleged cross action, but that whatever right of action, if any, was given by the facts averred in the cross-complaint, belonged to the appellant company.

It thus appears that the only cause of action stated in the complaint as against William A. Flint, Harold P. Flint and David H. Crabbs was upon an action

1. at law to recover on the alleged promissory notes, one of which was alleged to be secured by a mortgage purporting to have been executed only by their codefendant, the execution of which such codefendant had denied by a pleading under oath; that the cross-complaint stated only a cause of action at law; and that no issues were joined as between them and appellee by said answers and replies which "prior to the 18th day of June 1852, were of exclusive equitable jurisdiction." §418 Burns 1914, §408 R. S. 1881

Appellant William A. Flint duly presented proper requests for a trial by jury of the issues joined on his

cross-complaint and on his separate answer to the second paragraph of complaint, respectively, and he and Harold P. Flint and David H. Crabbs likewise duly asked for a trial by jury of the issues as between them and the appellee which were joined on their answers to the complaint. Each of these motions was overruled and exceptions were reserved. The first question for decision is whether, where the appellee sued to foreclose a mortgage purporting to have been given by the appellant company, securing the $30,000 note, and in its complaint stated a cause of action for personal judgments against the alleged mortgagor and others as makers of said note and of other notes not described in the mortgage, the alleged comakers of the notes sued on who were not parties to the mortgage could be denied a jury trial of strictly legal issues joined as between them and such plaintiff, by reason of the fact that equitable relief was sought against their codefendant upon the mortgage. The facts that the execution of the mortgage was denied under oath by the alleged mortgagor, that the complaint stated facts showing that the alleged mortgagor alone had received the proceeds of the notes sued on, and that a ground of defense pleaded by appellants was that they were sureties and had been released by extensions of time granted to the principal debtor for a consideration paid, give point to the question, though perhaps not material to its decision. This question must be answered in the negative. Issues which were triable by jury before the jurisdictions at law and in equity were combined must still be tried in that manner, if such a trial is properly demanded. Art. 1, §20, Constitution; §418 Burns 1914, *supra.*

This court has decided that, where causes of action at law and in equity are stated in different paragraphs of pleading, the issues joined on the paragraphs which state causes of action at law are triable by a jury, and

those joined on the paragraphs seeking equitable relief are triable by the court. *Field* v. *Brown* (1896), 146 Ind. 293, 45 N. E. 464.

Also that where those against whom plaintiff was not entitled to equitable relief were joined as defendants in a complaint demanding such relief, and they severed in their defense and filed answers showing that upon the real facts plaintiff had only an action at law against them, to which they had a complete defense at law, such defendants were entitled to a trial by jury of the issues joined on their answers. *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 447, 76 N. E. 529. See, also, *Jennings* v. *Moon* (1893), 135 Ind. 168, 173, 34 N. E. 996; *Peden* v. *Cavins* (1893), 134 Ind. 494, 501, 34 N. E. 7, 39 Am. St. 276; *Ross* v. *Hobson* (1891), 131 Ind. 166, 172, 26 N. E. 775.

We decide nothing as to whether a defendant, in an action where the complaint states facts showing that as against him the plaintiff is entitled to equitable relief, may present issues at law by paragraphs of answer and cross-complaint and obtain a trial by jury of those issues. The case at bar presents no such question. But we do decide that, where a number of defendants against whom no cause of action for equitable relief was stated were joined with an alleged mortgagor, against whom a decree of foreclosure was sought, and strictly legal issues were formed as between them and the plaintiff, it was error to overrule a proper request by such defendants for a trial by jury of those issues of law.

The second question arises upon the admission in evidence of the mortgage and the note which it secured.

2. It is shown that the appellee called as its first witness William A. Flint, and, after causing him to state his name and that he was president of the W. A. Flint Company on June 14, 1913, and after reading in evidence without objection the twelve $2,500

notes and the three smaller notes of later date, the execution of which was not denied, presented to him the alleged note for $30,000 and the alleged mortgage, at the bottom of each of which was written, "W. A. Flint Company, by W. A. Flint, Pres., D. H. Crabbs, Secy.," and procured him to testify in answer to proper questions that what appeared there was his signature as president of said company, signed by him "for the company" in his capacity as president thereof, and without further proof of the execution of the instruments they were read in evidence over objections and exceptions by the appellant company, which had denied their execution by a proper plea, duly verified. The note for $30,000 also bore the signatures of several other defendants who had not denied its execution, so that it was admissible in evidence as against them, whether it constituted evidence against the company or not. Being admissible for the purpose stated, the objection and exception by the company to its introduction in evidence was not well taken even though no preliminary proof that the company executed it had been made.

An instrument of writing competent for any purpose at all may be admitted and read in evidence without error. *Louisville, etc., R. Co.* v. *Donnegan* (1887), 111 Ind. 179, 190, 12 N. E. 153; *Indiana Union Traction Co.* v. *Pring* (1911), 50 Ind. App. 566, 579, 96 N. E. 180; *City of Logansport* v. *Justice* (1881), 74 Ind. 378, 386, 387, 39 Am. Rep. 79; *Irvine* v. *Baxter Stove Co.* (1919), 70 Ind. App. 105, 111, 123 N. E. 185.

But the alleged mortgage did not purport to be executed by anybody but the appellant company, and the complaint did not charge that anybody else executed it. Therefore it was error to admit it until evidence was first introduced sufficient to show, *prima facie* at least, that it was executed by the company. Obviously the evidence above set out was insuffi-

cient for that purpose. The mere fact that the witness was president of the company did not prove that he was authorized to execute, in its name, a mortgage on the company's real estate. *Elkhart Hydraulic Co.* v. *Turner* (1908), 170 Ind. 455, 459, 84 N. E. 812.

Appellant insists that evidence subsequently introduced constituted *prima facie,* if not conclusive, evidence that the mortgage was executed on behalf of the company, by authority of the directors who owned nearly or quite all of its capital stock. What purported to be an agreement in writing by the appellant company, signed by all who are shown by the evidence to have been its directors, bearing the same date as the notes and mortgage, to the effect that the appellant company would give appellee the twelve notes for $2,500 each, and would give its assignor the $30,000 note and mortgage as security for the payment of said twelve notes, was set out as an exhibit with the second paragraph of complaint, as recited above, and its execution not being denied, it was read in evidence without objection. A series of letters with relation to the notes and mortgage, dated both before and after the date of the mortgage, and a written contract with appellee for an extension of time for payment of the mortgage indebtedness, all of which purported to have been signed by the appellant company, were also read in evidence without objection, and facts were testified to the effect that the mortgage was negotiated and executed by those who had entire control of the business affairs of the appellant company, and themselves constituted a majority of the board of directors. Therefore we do not think that the error in admitting the mortgage in evidence without proof of its execution being first made is cause for granting a new trial of the equitable issue joined on the complaint to foreclose the mortgage.

For the error in refusing a jury trial of the issues

formed on the separate answers of the appellants, William A. Flint and Harold P. Flint, and on the cross-complaint of William A. Flint, the judgment must be reversed. But the decision of the equitable issues joined as between appellee and the William A. Flint Company and Pugh Stores Company, to recover against them on the notes and for the foreclosure of the mortgage sued on, will not be disturbed, and may stand until the legal issues joined shall have been decided or otherwise disposed of, so that a judgment disposing of the entire case may be rendered.

The judgment is reversed, with instructions to sustain the motions of William A. Flint and Harold P. Flint for a new trial of the issues joined as between each of them and the appellee, and for further proceedings.

Willoughby, J., not participating.

### ON PETITION FOR REHEARING.

EWBANK, J.—The complaint in this case did not allege that the individual defendants, William A. Flint and Harold P. Flint, executed the mortgage sued on, or owned, claimed or asserted any interest in the mortgaged real estate. Each paragraph merely averred that they joined in the execution of a promissory note, and that the company gave a mortgage on its real estate to secure the note. Appellee cites and relies upon *Nesbit* v. *Hanway* (1882), 87 Ind. 400.

But in that case an owner of real estate had mortgaged it to a trust company, and three years later borrowed some money from a bank, giving a note to the bank on which appellant was surety. Judgment having been recovered on the latter note against the maker as principal and appellant and another as sureties, and appellant, having purchased the mortgaged real estate at a sale on execution and paid off the judgment before

suit was begun to foreclose the mortgage, but not being made a party to the foreclosure suit, was held entitled to redeem from the sale on foreclosure after a sheriff's deed to the purchaser at that sale had been executed. But his right of redemption in that case arose out of the facts showing his relation to the judgment by which a lien on the real estate had been created, "which facts," said the court, "were shown by the return of the execution, which was recorded." The case cited is clearly distinguished from the one at bar.

The point which appellee seeks to make based upon the testimony of William A. Flint that since this action was begun the mortgaged real estate had been conveyed to him was not made in the original briefs. Therefore it is not available on petition for a rehearing. Rule 22 of Supreme Court. *City of Evansville* v. *Senhenn* (1897), 151 Ind. 42, 62, 47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728, 68 Am. St. 218. And in any event the finding that the mortgage shall be foreclosed and the real estate sold was not set aside by this court.

The cross-complaint alleged that by means of certain promises appellee induced cross-complainant William A. Flint to assign certain capital stock to a trustee, who was in appellee's employ, and that by reason of certain alleged wrongful acts of appellee and its said employe cross-complainant sustained a loss, for which damages were demanded. Appellee answered the cross-complaint by a denial, and a special plea that William A. Flint was not the real party in interest, and no question was presented on appeal as to its sufficiency. Such a cross-complaint pleaded mere matters of set-off, and since the complaint asked only a personal judgment on a contract (a note) as against William A. Flint, he had the right to present as a set-off any "matter arising out of debt, duty or contract" which was owned by him at the time

the suit was commenced, and had fully matured, without showing that they were otherwise related to the con-tract sued on in the complaint. §353 Burns 1914, §348 R. S. 1881. Such a plea of set-off did not tender an equitable issue, and had no necessary relation to the is-sue joined by the defendant company on the complaint to foreclose a mortgage on its real estate.

The petition for a rehearing is overruled.

Townsend, J., absent.