ANTHONY WAYNE OIL COMPANY *v.* BARALL ET AL.

[No. 16,763.  Filed June 16, 1942.]

*Vesey & Shoaff* and *Robert Y. Keegan,* all of Fort Wayne, for appellant.

*Heaton, Shiffer & McClain,* of Fort Wayne, and *Fist, Dewberry & Bragg,* of Tulsa, Oklahoma, for appellees.

FLANAGAN, C. J.—Appellees were the lessees of certain property in Tulsa, Oklahoma, owned by the University of Tulsa. With the consent of the owner they subleased it to appellant, Anthony Wayne Oil Company, an Indiana Corporation. This action was brought by appellees against appellant for damages for alleged wrongful termination of the sublease by appellant.

The complaint alleged that the subease was to terminate on August 31, 1939; that appellant wrongfully terminated it on August 1, 1938, and that appellees rerented it for the balance of the period the sublease was to run at a loss of $3,250.00.

The appellant filed an answer in four paragraphs: (1) General denial; (2) verified *non est factum*; (3) payment; and (4) alleging, in effect, that prior to the signing of the alleged sublease sued upon by John C. Tibbles as its president, the defendant demanded and received from the plaintiffs the privilege of cancelling the alleged sublease on August 1, 1938, upon thirty days' prior written notice, which modification was incorporated in a rider which was mailed to the plaintiffs with the sublease sued upon, and that the defendant went into possession of the premises under the terms of the sublease as modified by the rider giving it the right to cancel. That the defendant exercised its right and option to cancel on August 1, 1938, and vacated the demised premises on that date, paying the rent in full for the period of its occupancy. The defendant alleged that it never executed or agreed to execute any sublease for the premises other than as modified by the rider giving it the right to cancel and that it fully performed the terms of the sublease as so modified.

To the appellant's third and fourth paragraphs of affirmative answer the appellees filed replies of general denial.

The trial court made a special finding of facts, stated its conclusions of law thereon and rendered judgment for appellees in the sum of $3,100.00.

Appellant excepted to the conclusions of law and assigned error thereon but does not present any ques-

tion with regard thereto under its "Propositions, Points and Authorities." Any error in the conclusions of law is therefore waived.

Appellant's motion for a new trial was overruled and that action of the trial court is assigned as error here.

The causes presented in the motion for a new trial are: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence; and (3) the court erred in admitting into evidence appellees' exhibit 1.

Under the first two specifications of the motion for a new trial, the question presented is whether the trial court was justified by the evidence in finding that the sublease sued upon without the rider providing for the right of cancellation on August 1, 1938, is in fact the contract of appellant corporation.

The essential facts relating to the question presented are for the most part undisputed and are as follows:

On December 1, 1937, Wade C. Whiteside, a real estate agent from Tulsa, representing appellees, met at Fort Wayne in the office of the corporation with its executive committee, which was empowered to act for the board of directors, and submitted to them a draft of the sublease. The committee asked that they be granted the right to cancel the sublease on August 1, 1938, and all of them stated that under no circumstances would they accept the lease without such a provision. The real estate agent called appellees on the telephone and was authorized to grant the request. A rider was then prepared on separate paper providing for the cancellation date. The sublease was left with appellant's president, Tibbles, for further examination and was returned unsigned to Tulsa by Tibbles on December 12,

1937, accompanied by a rider covering matters other than the right of cancellation but containing no rider on that subject. It was then signed by appellees and the consent signed by the trustees of the University of Tulsa and returned to Tibbles on December 14, 1937, with a letter calling attention to the fact that the right of cancellation had not been covered and stating that perhaps appellant had changed its mind. The letter suggested that if it had been an oversight it might be covered in a letter.

The records of the board of directors of appellant corporation for December 20, 1937, contained the following minute:

"A proposed lease for property in Tulsa, Oklahoma, was approved as amended."

The words "as amended" were explained as referring to the amendment giving the right of cancellation on August 1, 1938.

On December 21, 1937, Whiteside called Tibbles from Tulsa inquiring as to why the sublease had not been returned. The subject of that conversation is in dispute. Whiteside testified that nothing was said about cancellation. Tibbles testified that the subject was discussed on the telephone with both Whiteside and one of the Baralls and that it was arranged that he was to sign and send on the cancellation rider which had been prepared during Whiteside's visit to Fort Wayne on December 1, 1937.

Tibbles thereafter signed the sublease with the name of appellant corporation by himself as president and forwarded it to Whiteside. He testified that he also signed the cancellation rider and sent it along. Whiteside testified that the cancellation rider was not with the sublease when received. Whiteside testified that he did

not notify appellant that he did not receive the rider covering the right of cancellation and probably should have done so.

The mere fact that John C. Tibbles was president of appellant corporation did not prove that he was authorized to execute a sublease on its behalf. *W. A. Flint Co.* v. *John V. Farwell Co.* (1922), 192 Ind. 439, 134 N. E. 664, 136 N. E. 839; *Cushman* v. *Cloverland Coal, etc., Co.* (1908), 170 Ind. 402, 84 N. E. 759; *Elkhart Hydraulic Co.* v. *Turner* (1908), 170 Ind. 455, 84 N. E. 812; *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8.

It is apparent from the above stated facts that Tibbles was not given any actual authority by the corporation to execute the sublease without the cancellation provision or rider.

Neither is there any evidence that Tibbles was clothed with apparent authority so to do. Before the meeting on December 1, 1937, Tibbles had gone to Tulsa to look for a site to be leased, met Whiteside and made him a proposition for the property in question *subject to the approval of his board of directors.* The members of the executive committee had informed Whiteside that no lease would be accepted without a provision giving the right of cancellation on August 1, 1938.

Appellees urge that the lease without the cancellation clause was ratified by the corporation after its execution. But the trial court failed to make a finding that it was ratified, and from our examination of the evidence we are of the opinion that such a finding would not have been justified.

We conclude that the sublease without the cancellation provision was not the contract of appellant.

Appellees' exhibit 1 is the sublease without the cancellation rider attached. It was admitted in evidence

over the objection of appellant upon proof of the signature of Tibbles but without proof of his authority to sign for the corporation. In view of the fact that his authority was challenged by the answer of *non est factum,* this was error. However, this error was cured by subsequently introduced evidence to the effect that this exhibit and the rider providing for the right of cancellation were authorized to be executed as separate instruments. It would not be improper to identify and introduce them separately.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 42 N. E. (2d) 370.