## CARTER and Another *v.* POMEROY and Others.

RATIFICATION.—*Partnership.*—*Pleading.*—*Evidence.*—Suit upon a promissory note purporting to be made by a firm. Answer by two of the firm, that the note was executed in the firm name by a third partner after dissolution of the partnership, without authority from these defendants, the other members of the firm, or either of them, the payee having full knowledge of the dissolution. Reply, that after the execution of the note said two defendants, upon a settlement of the affairs of said partnership with the payee, with full knowledge of the existence of said note, fully ratified and adopted the same as their act and deed, and paid a certain sum thereon.

*Held,* that ratification is a fact, and was sufficiently pleaded in the reply.

*Held,* also, that it was competent on the question of ratification for the plaintiff to prove the consideration of the note.

SAME.—Where a promissory note given by one of a firm in the firm name after dissolution of the partnership, is executed on account of a pre-existing partnership debt, and afterwards the other partners, with knowledge of this fact, adopt such note, believing it to be just, and not caring nor disposed to trouble themselves as to the date or amount thereof, they are bound therefor.

EVIDENCE.—*Contents of Writing.*—The rule excluding parol evidence of the contents of a written instrument does not apply to a writing which is a mere incident connected collaterally with a question in issue.

SAME.—*Promissory Note.*—*Execution of.*—The question of the execution of a note is one of fact for the jury, in the determination of which it is proper that the note should be in evidence.

EXCLUSION OF EVIDENCE.—*Harmless Error.*—Error in the exclusion of evidence is not available on appeal, if the party assigning it has received all the benefit to be obtained by the introduction of the evidence excluded.

INSTRUCTIONS TO JURY.—An instruction to the jury should not assume as a fact a matter in issue about which there is a conflict in the evidence.

APPEAL from the Bartholomew Common Pleas.

GREGORY, J.—Suit by the appellees against the appellants on four promissory notes purporting to be executed by "Carter, Pavy & Co.," payable to Robert Spaugh, and by the latter assigned to the appellees. The notes are as follows:

1. For $26.05, dated May 21st, 1866, payable one day after date.

2. For $11.76, dated July 11th, 1866, payable one day after date.

3. For $222.35, dated July 11th, 1866, payable one day after date.

4. For $877.30, dated September 9th, 1866, payable one day after date.

On each of these notes there is a paragraph of complaint in the order stated above.

The appellants answered, as follows:—

"1. The defendants, William Carter and John J. Pavy, come, and for answer herein to the fourth paragraph of the complaint say that the defendants and one Joseph Carter, on the — day of——, 1864, formed a copartnership under the name and style of Carter, Pavy & Co., for the sole purpose of carrying on the milling business at Hope, in Bartholomew county, Indiana; that said partnership continued until the 6th day of August, 1866, when the same, by mutual consent of all parties, was dissolved. They aver that said note was executed by Joseph Carter on the 9th day of November, 1866, to Robert Spaugh, he signing thereto the firm name of Carter, Pavy, & Co., said Spaugh having full knowledge then and there of said dissolution of partnership. They aver that said Joseph Carter was in no way authorized by them, or either of them, to execute said note by the said firm name, or in any way to use said name for said purpose. They aver that said note was not executed by them, or either of them, and by no one by them or either

of them. authorized so to do; that the defendants, or either them, have at no time assented thereto; and the same is not their act and deed, or the act and deed of either of them."

This paragraph is verified.

The second paragraph of the answer sets up, that the note in the fourth paragraph of the complaint is without consideration.

The third paragraph of the answer sets up, substantially, that they had formed a copartnership for the purpose of carrying on the milling business, and that the note in the third paragraph of the complaint is without consideration to the extent of $29.30, which was for goods sold to Joseph Carter for his sole and exclusive use and account, which Spaugh and Norris, the payees in the note, well knew, and the same was not used for the purpose and within the scope of the partnership, and appellants had not assented thereto.

The fourth paragraph avers, substantially, that during the time the notes in suit were held by Spaugh, and before any transfer to plaintiffs, or any notice thereof, he was indebted to them for an iron safe, valued at $130, sold and delivered to him, and offers to offset the same *pro tanto*.

The fifth paragraph pleads payment.

The sixth paragraph avers an indebtedness on account of an iron safe, and offers to set off the same.

Reply: 1. The general denial. 2. For reply to first paragraph of answer, "that on the — day of March, 1867, the defendants, William Carter and J. J. Pavy, upon a settlement of the partnership affairs of Carter, Pavy & Co., with said Robert Spaugh, with full knowledge of the existence of said note, fully ratified the same, and adopted the same as their act and deed, and paid thereon the sum of $500."

A demurrer to the second paragraph of the reply was overruled, and the appellants excepted.

Trial by jury; verdict for the plaintiffs for $655.12. Motion for a new trial overruled.

The evidence is a part of the record.

It is claimed that the court erred in overruling the de-

murrer to the second paragraph of the reply. It is urged that the reply is insufficient, because it does not state the facts of the ratification. Ratification is itself a fact. According to WEBSTER, it is "the act of giving sanction and validity to something done by another; as, the ratification of a treaty by the Senate of the United States." The ratification in the instance given is the act itself, and not a conclusion drawn from other acts or circumstances. But the reply contains the further averment of the payment of $500 on the note, with a full knowledge of the facts. There are two rules of pleading to which regard must be had in determining questions of this kind. One is, that facts, and not the evidence, must be pleaded. The other is, that facts, and not conclusions of law, must be averred.

The next error complained of is, that the court permitted the appellees to ask the witness Rominger the following question: "To whom was that note made payable?" The witness had testified as follows:—"About the 6th of August, 1866, John J. Pavy and Joseph Carter, who were partners by the firm name of Carter, Pavy & Co., met at their mill in Hope, Bartholomew county, Indiana. They had a settlement, settling up their affairs to that date. I was called on by Mr. Pavy to make calculations. They settled and closed up the partnership matters. Joseph Carter was ahead, John J. Pavy next, and William Carter next. William Carter and Joseph Carter joined their amounts together, which exceeded the amount of Mr. Pavy; and Mr. Pavy executed a note for the difference between Joseph and William Carter's amount found on settlement and that found in favor of said Pavy." He had thus, in part, without objection, given the contents of the note referred to, and the question propounded was merely as to a further description of the same note. The note was a mere incident connected with the alleged settlement of the partnership business. The rule excluding evidence of the contents of a writing did not apply.

The next error complained of is the exclusion of certain

evidence offered by the appellants to show that the partnership indebtedness of Carter, Pavy & Co. amounted to $30,000 in excess of partnership assets. The ground upon which this evidence was admissible was, that it tended to prove that the appellants were entitled to a credit for the iron safe mentioned in the fourth and sixth paragraphs of the answer. The jury deducted from the amount otherwise due on the notes one hundred and fifteen dollars. The proof shows that this was about the value of the safe. This was, therefore, a harmless error.

The court below committed no error in allowing the appellees to prove the consideration of the note declared on in the fourth paragraph of the complaint. It was at least competent on the question of ratification, if not as to the execution of the note.

It is claimed that the court erred in permitting the appellees to give in evidence to the jury the note for $877.30, sued on, before showing a *prima facie* case. The execution of the note was a question of fact for the jury, and in the determination thereof it was proper that the note should be in evidence before them. There was abundant testimony to warrant the court in admitting the note in evidence.

It is claimed that the court erred in refusing to give certain instructions asked by the appellants. Some portion of these instructions were not applicable to the case made by the evidence. All that were applicable were covered by instructions given, except the following:—

"If you should find, from the evidence in the cause, that the dissolution of the partnership of Carter, Pavy & Co. was a matter of extreme general notoriety and repute in the town of Hope and in the neighborhood of Robert Spaugh, prior to the time of the execution of said note to Robert Spaugh by Joseph Carter, on the 9th of September, 1866, then you have a right to come to the conclusion that said Robert Spaugh, at said time, had knowledge of said dissolution, and it was sufficient to put him on inquiry thereof."

This instruction was rightly refused, for the reason that it assumes as a fact in the case the dissolution of the partnership, when that was a matter in issue, and about which there was a conflict in the evidence.

The giving of the following instruction is complained of: "And in determining this particular question, it would be proper for you to ascertain from the evidence whether anything said or done by them, having the appearance of a ratification or adoption of the same, or amounting to a ratification and adoption in fact, was said or done in ignorance of its contents and the facts connected with its execution. For, if they adopted or ratified the note, that is, recognized and treated it as the undertaking and promise to pay of the firm, in ignorance of facts connected therewith which would excuse them from liability thereon, and which would have enabled them to defeat the same, then a ratification and adoption made under such circumstances would not bind them, *unless it should further appear from the evidence that it was executed on account of a prior existing liability, and that with a knowledge of that fact, they adopted it, believing it to be just, and not caring nor disposed to trouble themselves as to the date or amount thereof, in which event they would be liable therefor.*"

This is a correct exposition of the law on this subject. It is urged that the part of the instruction in italics is erroneous. We think otherwise. There is no conflict in the evidence as to the fact that the consideration of the note was a pre-existing partnership debt. If the appellants, with a knowledge of that fact, adopted it, believing it to be just, and not caring nor disposed to trouble themselves as to the date or amount thereof, it is clear that they are bound.

The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Frazer, J., was absent.

*F. T. Hord,* for appellants.

*W. & W. W. Herod, R. Hill,* and *G. W. Richardson* for appellees.