FARMERS TRUST COMPANY *v*. SPROWL, ADMINISTRATRIX.

[No. 10,130.   Filed February 17, 1920.]

1. APPEAL.—*Review.—Findings.—Conclusions.*—In an action by a purchaser of a promissory note given in payment of the purchase price of corporate stock, a finding of fact that plaintiff should have complied with a certain contract made by the seller of the stock with the maker of the note is a mere conclusion which has no place in the findings, and is therefore without force.   p. 570.

2. APPEAL.—*Review.—Findings.—Alternative Findings.*—In an action by a purchaser of a promissory note given for corporate stock against the maker's estate, a finding that an officer of plaintiff bank "knew or was in possession of such facts that he might have known said stock had no value and that there was no consideration for said note," being an alternative finding which is equivocal as to whether he had actual or imputed knowledge, must be wholly disregarded.   p. 571.

3. BILLS AND NOTES.—*Promissory Note.—Worthless Consideration.*

*—Burden of Showing Acquisition in Due Course.—Statutes.—* The mere fact that the corporate stock for which a promissory note was given was worthless, and that the note was without consideration, does not, in the absence of fraud or duress, show that the title of one negotiating the note is defective, so as to cast the burden upon the holder to prove acquisition of title, in due course under §§9089z1, 9089g2, 9089c2 Burns 1914, Acts 1913 p. 120. p. 571.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by the Farmers Trust Company against Mary. L. Sprowl, administratrix of the estate of John S. Sprowl, deceased. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George M. Eberhart* and *Sumner Kenner,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellee.

NICHOLS, P. J.—This action by appellant against appellee grows out of a promissory note for $500, dated April 12, 1916, executed by appellee's decedent, John S. Sprowl, to the Telbax Company, and indorsed before maturity to appellant. The note was filed as a claim against the estate of appellee's decedent, and transferred to the trial docket of the circuit court.

Appellee filed her answer in four paragraphs, the first being a general denial. The second alleged that the note was given without consideration of which fact appellant had knowledge.

The third alleged that said Telbax Company, through its qualified acting directors and managers, represented to the decedent that such company was. a going concern manufacturing large quantities of play-

ing cards and selling the same at great profit; that it was a valuable business concern and was paying large dividends on its stock which was worth large sums of money; that the future of the company was bright; that the assets of said company were large and valuable; that an investment in said company was a good and profitable one and would bring large profits to the investor; that decedent relied upon said statements made to him and believed them to be true, and bought certain preferred and common stock in said company and gave the note sued upon for the same; that decedent did not know that said representations were untrue but relied upon them as true. Such third paragraph further avers that the statements made by the agents and managers of the company were false and fraudulent and known to be so when made and were made for the purpose of deceiving appellee's decedent; that said company was at the time in failing circumstances, and did not have a large profitable business, and was not manufacturing large quantities of playing cards, but was insolvent and not paying any dividends on its stock, and did not thereafter; that the stock in such company was worthless; that appellant knew of the foregoing facts when it became the owner of said note, and took it with full knowledge of all fraudulent representations made to appellee's decedent, and with full knowledge that the consideration therefor had failed.

The fourth paragraph of answer avers that, at the time said note was executed, said Telbax Company by its duly qualified and acting sales manager executed and delivered to decedent the following contract:

"Huntington, Indiana.

"Mr. J. S. Sprowl.

"You have five hundred dollars preferred and one hundred and twenty-five dollars common. We will issue five hundred dollars more preferred and three hundred dollars more common, making your total holdings one thousand dollars, preferred, and five hundred dollars common. We will take your note for five hundred dollars for six months, due October 12, 1916. In the event of your desiring to have preferred stock sold that is issued for this note, we will sell same before this note is due for a price that will net you at least enough money to pay in full the note plus interest.

"(Signed)   S. O. Connor,
"Sales Manager The Telbax Company."

That the note referred to in such contract is the note sued upon, and was given for the $500 of the preferred stock and $300 of the common stock of the Telbax Company; that appellee's decedent made demand upon said Telbax Company and appellant before this action was brought and prior to the maturity of said note to carry out said agreement, but that such appellant and such Telbax Company failed and refused to carry out said agreement; that appellee holds such stock subject to the orders of the appellant and is willing to turn over said stock to appellant at any time, and that she brings the same into the court for the benefit and use of appellant; that such stock is worthless and that appellant purchased the note sued upon with full knowledge of the contract herein set out. By reason of appellant and said Telbax Company failing to carry out the agreement, decedent's estate has been damaged in the sum of $500, which is due and justly owing and

remains wholly unpaid, and appellee asks judgment by way of set-off against appellant in the sum of $500.

Appellant filed a separate demurrer to the third paragraph of answer and a separate demurrer to the fourth paragraph of answer, each of which demurrers was overruled.

Appellant then filed a reply in three paragraphs to appellee's answer, the first paragraph being a general denial. The second avers that the note sued on was payable at a bank in this state; that said Telbax Company transferred it to appellant for a valuable consideration prior to the maturity of said note in the usual course of appellant's business; and that appellant had no notice of any existing equities or defenses of any kind to said note as between appellee's decedent and the Telbax Company. The third paragraph was addressed to the fourth paragraph of answer and avers that the appellant is a bank doing business in Huntington county, Indiana, and is incorporated under the Indiana banking laws; that, as a part of its business, it buys promissory notes; that it bought this note sued on from the Telbax Company before due for a valuable consideration; and that it had no notice of any existing equities or defenses of any kind on said note as between the drawer and payee thereof.

The cause was submitted to the court for trial, and the court filed special findings of fact, upon which conclusions of law favorable to appellee were stated. Judgment was rendered on the conclusions in favor of appellee. After motion for a new trial, which was overruled, appellant now prosecutes this appeal.

The errors assigned are the ruling of the court in overruling appellant's respective demurrers to the third and fourth paragraphs of answer, the ruling of the court in overruling appellant's motion for a new trial, and error of the court in each of its conclusions of law.

It appears by the special findings of fact, so far as necessary to this decision, that the Telbax Company was a corporation organized under the laws of Indiana, and doing business in the city of Huntington, and engaged in the manufacture of playing cards; that at the time of the execution of the note in suit it was insolvent, and has ever since been insolvent, and that its stock, both common and preferred, was worthless; that said note was executed on April 12, 1916, and immediately thereafter was presented by said Telbax Company to Arthur Fast, president of appellant bank, and that he was also at said time vice-president of said Telbax Company, and a director, and owner of part of the stock therein, and that he continued such relations to said Telbax Company to the date of this finding. Said Fast took said note for and on behalf of appellant, and gave said Telbax Company credit on its account on the books of appellant. Said note was given for 500 shares of preferred and 350 shares of common stock of said Telbax Company, sold to appellee's decedent by one C. O'Connor, said Telbax Company's sales manager. At the time of said sale, the contract hereinbefore set out, for and on behalf of said Telbax Company was executed and delivered to said decedent. Said decedent, before the maturity of his said note, demanded of said Telbax Company, and of appellant, that they perform the terms of said contract, and offered to return the stock, which offer was

refused, and said Telbax Company and appellant refused to carry out the terms of the contract. When said Fast took said note he knew, or was in the possession of such facts that he might have known that said stock had no value, and that there was no consideration for said note, and he also knew that said O'Connor was acting as agent for said Telbax Company in selling its stock. By the terms of the contract a sum of money equal to the full amount of the note sued on is due and owing to decedent's estate.

With the last finding, the court states that appellant should have complied with the terms of said contract, but this is a conclusion rather than a finding, and has no place in the findings, and is therefore without force. Old Nat. Bank, etc. v. Heckman (1897), 148 Ind. 490, 47 N. E. 953; Baldwin v. Heil (1901), 155 Ind. 682, 58 N. E. 200.

On these findings of fact, the court stated the following conclusions of law, to wit: (1) That by virtue of being a director and vice-president of said Telbax Company said Arthur Fast was bound to know and take notice of the contract of said Telbax Company set out in finding No. 8. (2) That said Farmers Trust Company is bound by the knowledge and information of its president, said Arthur Fast, as to said stock and said note and the agreement to sell said stock, and was and is not an innocent purchaser of the note. (3) That upon the foregoing facts the law is with the defendant and that the plaintiff should take nothing by this suit and that the defendant have judgment for costs.

It will be observed by the special findings that

when said Arthur Fast, who was president of appellant bank and director and vice-president of the Telbax Company, took said note, *he knew, or was in possession of such facts that he might have known that said stock had no value and that there was no consideration for said note.* This alternative finding is equivocal as to whether the president of appellant bank had either actual or imputed knowledge and must therefore be wholly disregarded. We may add that a finding that the president of appellant bank had knowledge that the stock had no value, and that the note was executed without consideration, is not a finding that such president had knowledge that the note or the signature thereto was obtained by fraud, duress, or force and fear, or by any other unlawful means. A finding that the Telbax Company was insolvent, and that the stock for which the note was executed was worthless, does not necessarily impute fraud to the transaction in the absence of a direct finding to that effect. Section 9089z1 Burns 1914, Acts 1913 p. 120, §52, defines a holder in due course. Section 9089g2 (Acts 1913 p. 120, §59) provides that every holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. Section 9089c2 Burns 1914, Acts 1913 p. 120, §55, provides that "the title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration." As

the title of the note involved was not defective within the meaning of the foregoing statutory definition, and as appellant was otherwise within the statutory definition of a holder in due course, it follows that the court erred in its conclusions of law. As there is no finding as to the amount due on the note, a new trial must be granted.

The judgment is reversed, with instructions to the trial court to grant a new trial.