RHOADS *v*. STUDEBAKER CORPORATION.

[No. 15,025.   Filed November 3, 1933.]

*Joseph P. Miller* and *Henry L. Humrichouser,* for appellant.

*E. W. Strickland,* for appellee.

SMITH, J.—On the sixth day of June, 1932, the Industrial Board of Indiana on application of appellant found that he was totally disabled because of an accident on November 12, 1930, arising out of and in the course of his employment by appellee.  From this award appellee appealed to this court where the award was affirmed.

Afterwards, in February, 1933, an application was filed by appellee before the Industrial Board of Indiana, alleging a change of conditions to which an answer in general denial was filed by appellee.  After a hearing, the full board found on May 15, 1933, that appellant's disability was the result of an injury received November 12, 1930, which ended prior to February 4, 1933; and that appellant's disability, if any, at the time of the finding was not the result of the accidental injury suffered by him on the 12th day of November, 1930, but was due to other causes; and ordered that the compensation under the award of the Industrial Board cease as of the fourth day of February, 1933.

The error relied upon for reversal is that the award is contrary to law.

The only question for determination is a question of fact; namely, Was there a change in appellant's condition, and had the appellant's disability caused by the injury he had received ended since the date of the award?

The only evidence presented to the full Industrial Board was the testimony of two doctors on behalf of appellee, and the testimony of appellant upon his own behalf.

We have carefully read the record and testimony offered on both sides, and there is sufficient evidence to sustain that finding of the board, that the disability of the appellant, as the result of his injury, had ceased.

The Industrial Board having found this to be a fact, and entered its award accordingly, and there being sufficient evidence to sustain it, this court cannot disturb this finding upon appeal. The award of the Industrial Board is not contrary to law, and is hereby affirmed.