VINCENNES SAVINGS AND LOAN ASSOCIATION OF VINCENNES, INDIANA v. ROBINSON ET AL.

[No. 16,363.   Filed November 9, 1939.   Rehearing denied January 8, 1940.   Transfer denied March 11, 1940.]

560

*Kessinger, Hill & Arterburn,* and *Gilliom & Gilliom,* for appellant.

*Shake & Kimmell,* and *Charles H. Bedwell,* for appellees.

DUDINE, J.—This was an action instituted by appellees, Richard M. Robinson and Asher Cox, as Executors of the last will and testament of Ulysses T. Robinson, deceased, (hereinafter referred to as plaintiffs) against appellant, Vincennes Savings and Loan Association of Vincennes, Indiana, and appellee, Cora M. Alsop, as Administratrix of the estate of William M. Alsop, deceased, to recover on two promissory notes purportedly executed by appellant, Association, to said William M. Alsop and endorsed by him.

The complaint was in two paragraphs, one paragraph being based on each of said notes. Appellant Association, filed an answer in four paragraphs to each of said paragraphs of complaint, which paragraphs of answer alleged: (1) no consideration for the execution of said notes and assignment thereof after maturity; (2.) *non est factum*; (3.) no consideration for the execution of said notes and no consideration for the endorsement thereof; and (4.) fraud as follows:

"The defendant, Vincennes Savings and Loan Association of Vincennes, Indiana, for its fourth and further paragraph of answer to each paragraph of plaintiff's complaint herein says that at the time of the alleged execution of the note

sued upon in each paragraph of plaintiff's complaint the person named as payee in each of said notes, to wit, William M. Alsop, was the president of the defendant Association and its attorney at law; that, without any authority or knowledge of said defendant Association or its board of directors, he fraudulently and unlawfully signed the name of said Association to the alleged note sued upon in each paragraph of plaintiff's complaint, and that he fraudulently and without the consent or knowledge of this defendant made himself the payee in the alleged note sued upon in each paragraph of plaintiff's complaint, and that said William M. Alsop, without the consent or knowledge of this defendant, unlawfully and fraudulently endorsed and assigned said note to the plaintiff's decedent.

"This defendant further says that E. W. Determan, whose name appears signed as secretary-treasurer on the note sued upon in each paragraph of plaintiff's complaint, at the time he, the said Determan, signed said notes and each of them, was secretary and treasurer of the defendant Association, . . . ; that said E. W. Determan, without the knowledge, authority or consent of the defendant Association, ... ., signed the notes described in each paragraph of plaintiff's complaint. That the plaintiff's decedent had knowledge of each of the above stated facts at the time of the alleged assignment and endorsement.

"This defendant, the Vincennes Savings and Loan Association, further says that it did not at the time of the alleged execution of said notes, or either of them, or at any other time, receive any consideration or anything whatever of value for said alleged notes and each of them, or for the execution of said notes or either of them.

"Wherefore, this defendant prays judgment."

Appellee, Cora M. Alsop, Administratrix of the estate of William M. Alsop, deceased, filed a separate answer in four paragraphs to each of the paragraphs

of complaint, which answer alleged: (1.) general denial; (2.) no consideration for the execution of the notes; (3.) payment; and (4.) assignment of said notes by William M. Alsop, deceased to Ulysses T. Robinson, deceased, as collateral security only and alleging that "the original debt, the exact amount of which is unknown to said administratrix, . . . for which said collateral security was given, was fully paid during the lifetime of William M. Alsop, deceased . . . ."

The issues were closed by replies of general denial.

The cause was submitted to the court for trial without a jury and the court upon proper request made a special finding of facts and stated conclusions of law which were favorable to plaintiffs. Thereafter the court rendered judgment in accordance with the conclusions of law that plaintiffs recover judgment in the sum of $14,922.50 against appellant Association and that they recover nothing from appellee, Cora M. Alsop, Administratrix of the estate of William M. Alsop, deceased.

Appellant Association has perfected an appeal from said judgment. The errors assigned and relied upon for reversal are, (1.) contended error of the trial court in overruling a motion for a new trial filed by appellant Association, and (2.) contended error in each of the conclusions of law.

Appellant Association has assigned as causes for a new trial that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. The same points are stated in appellant's brief in support of each of said causes for new trial.

Plaintiffs introduced evidence showing that on the 3rd day of January, 1932, and for approximately 5 years before that date William M. Alsop was the duly elected, qualified and acting President of appellant Association and that E. W. Determan was the duly

elected, qualified and acting secretary-treasurer of said Association; that during said period of time said Association borrowed money by note from time to time from financial institutions and from individuals, and said William M. Alsop and E. W. Determan, as such officers of the Association executed the notes in behalf of the Association; that that had been the custom during said period of time. Plaintiffs further proved that the notes sued upon bore the signatures of said officers as such officers and that they bore the signature of said William M. Alsop as endorser in blank. Having made such proof, plaintiffs introduced said notes in evidence over separate and several objections of the defendants and then rested their case.

The two notes were identical in all respects. They were each dated January 2, 1932, made payable to William M. Alsop on order, in the principal sum of $5,000, providing interest at six (6) percent per annum from date, maturing six months after date, the maker being "Vincennes Savings and Loan Association by William M. Alsop, President, E. W. Determan, Secy-Treas," and endorsed "William M. Alsop".

Some of the points stated in appellant's brief under each of said grounds for new trial can be disposed of without reference to any other evidence except that which was introduced by plaintiffs below as evidence in chief and which evidence we have reviewed. We proceed now to discuss such points.

Appellant contends that plaintiffs had the burden of proving: (1.) that the notes were complete and regular on their faces; (2.) that defendant Robinson became the holder before maturity; (3.) that he took the notes in good faith and for value; and (4.) that at the time the notes were executed he had no notice of any infirmity in the instruments or defects in the title of the person negotiating

them. Appellant cites §19-402 Burns 1933, §12869 Baldwin's 1934 in support of such point and contends that there is a total lack of evidence on such issues.

Said four facts are "conditions" under which a holder of a negotiable instrument is considered a holder in due course under the statute (§19-402 Burns 1933, §12869 Baldwin's 1934 supra.)

Section 19-409 Burns 1933, §12876 Baldwin's 1934, provides, however, that "every holder is deemed prima facie to be a holder in due course; ...". Therefore, it was not incumbent upon plaintiffs to prove any of said "conditions" as part of their case in chief. In the absence of any proof that any of said "conditions" did *not* exist, the proof of the execution of the notes and endorsement thereof, together with possession of the notes by plaintiffs and the introduction of the notes in evidence was sufficient evidence to sustain the judgment. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N.E. 304, and many authorities therein cited. There is no evidence in the record which tends to prove that any of said "conditions" did *not* exist.

Appellant Association contends further that: "Authority to execute negotiable instruments is strictly construed. A president by virtue of his office alone cannot exercise such power unless the board of directors expressly delegates such power or clothes him with apparent authority by a continuity of acts and practices ...". Said contentions are well founded as general propositions of law. It is apparent, however, from the evidence heretofore reviewed that there is some evidence in the record which shows that William M. Alsop and E. W. Determan had apparent authority to execute negotiable instruments in behalf of appellant Association. Therefore said contentions are unavailing here.

Appellant Association contends further that in the instant case plaintiffs had the burden of proving that Robinson (deceased) had knowledge of the "continuity of acts and practices" (if any) which showed such apparent authority and that plaintiffs had the burden of proving that Robinson (deceased) relied upon such "holding out" by the Association when he accepted the notes. Appellant cites no authorities which sustains said contentions as applicable to the instant case and we have found none. We think that contention is fully answered and met by §19-409 Burns 1933, §12876 Baldwin's 1934 supra, which provides "every holder is deemed prima facie to be a holder in due course; . . .".

Another point made by appellant Association is that "the note, by reason of its showing on its face that Alsop was both the agent executing it and also the person to whom it was payable, put any taker upon inquiry as to the authority of the agent to use corporate funds for his personal benefit." The note does *not* show upon its face that Alsop was using corporate funds for his personal benefits. It simply shows that the corporation issued the note to Alsop and Alsop endorsed it in blank.

The following language of our Supreme Court, taken from *McCarthy* v. *Miller* (1937), 213 Ind. 596, 12 N.E. (2d) 348 is peculiarly applicable here: "The notes . . . appear regular on their face. . . . This court will not indulge any presumption against their legality. On the contrary it will be presumed that they were legal until that presumption is challenged by the pleadings and *overthrown by the facts*." (Our italics.) On this point generally see 8 Am. Jur. §413 and §§ 31-104 and 31-106 Burns 1933, §§7712 and 7714 Baldwin's 1934, (Uniform Fiduciaries Act.)

Appellant contends further "Non est factum is in

effect a plea of forgery and under such a plea the burden was on the appellee executors to prove the authority of Alsop to execute and deliver the alleged notes to himself personally," citing *Digan, Admr*. v. *Mandel* (1907), 167 Ind. 586, 79 N.E. 899.

A plea of *non est factum* is *not* in effect a plea of forgery. The former plea alleges in effect simply a denial of the execution of a written instrument. The latter plea alleges in effect such a denial and alleges further in effect a fraudulent execution of the written instrument. Evidence of fraud is not admissible to prove a defense of *non est factum*. *Thomas* v. *Ruddell* (1879), 66 Ind. 326. Therefore, appellant's said contention being based upon the major premise that a plea of *non est factum* is in effect a plea of forgery and such major premise being false, the contention fails. We deem it expedient, however, to note in connection with such contention that §19-116 Burns 1933, §12833 Baldiwn's 1934, provides ". . . where the (negotiable) instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him, so as to make them liable to him, *is conclusively presumed*. . . ." (Our italics.) In this connection see *Rainier* v. *LaRue* (1925), 83 Ind. App. 28, 147 N.E. 312.

The case of *Digan* v. *Mandel,* supra, relied upon by appellant was decided before our Negotiable Instruments Law was adopted. On this subject generally see *Deeter* v. *Burk,* supra, and 8 Am. Jur. §1001, p. 591.

Appellant has stated other points in support of each of said assigned causes for new trial which points we will hereinafter discuss. For the sake of clarity we now proceed to discuss points stated by appellant in support of assigned causes for new trial based upon the introduction of each of two exhibits

in evidence over objections of appellants, the exhibits being the two notes in suit.

Appellant has presented, in support of such contended error, the questions of law which we have heretofore discussed. It would serve no good purpose to discuss said questions of law with particular reference to such contended errors.

We deem it expedient, however, to supplement said discussion of said law questions by noting that in *Stevens* v. *West Side Hardware Store* (1934), 99 Ind. App. 165, 189 N.E. 846, this court quoted with approval from *Pate et al.* v. *First National Bank of Aurora* (1878), 63 Ind. 254, 259, on the subject of admissibility of notes, as follows:

"We understand the rule to be, that, where the execution of a note or other similar instrument in writing, sued on, is denied under oath, and no evidence of the authenticity of such note or other instrument is given, it can not be read to the jury, but that, where evidence addressed to the court is adduced, making out a prima facie case of the authenticity of such note or other instrument, or reasonably tending even slightly, to prove the formal execution of it, such evidence is sufficient to entitle such note or other instrument to go to the jury. 2 Greenl. Ev., sec. 294; 2 Phil. Ev., 5th Am. ed., p. 502, top page, 423; *Carter* v. *Pomeroy*, 30 Ind. 438."

To the same effect see *Talbott, Administrator* v. *Hedge* (1892), 5 Ind. App. 555.

It is our opinion that a prima facie case of the authenticity of the notes was made before said notes were introduced in evidence and therefore, the court did not commit error in admitting them in evidence

The defendants introduced evidence showing the following facts:

William M. Alsop died April 30, 1933. In the fall

of 1935 Ulysses T. Robinson (deceased) brought the notes to appellant Association on two occasions and the then President and Secretary of the Association examined the notes and returned them to Mr. Robinson. The notes were brought by Mr. Robinson and returned to him in an envelope upon which was written, "These notes are given for collateral security. (Signed) W. M. Alsop". The writing and signature on the envelope was that of Wm. M. Alsop deceased.

The records of the Association show that on January 2, 1932, the date of the notes sued upon, five $5,000 notes were issued to William M. Alsop by the Association, and $25,000 in stock of the Association was surrendered by him. Said records further show that on April 11, 1932, the Association paid Alsop $25,420.85 in settlement of five $5,000 notes. The faces of these five notes were identical in *every respect* to the two notes in suit. Said records did not show a specific connection of any of said seven notes with the surrender of any of said stock and they did not show a consideration for *any* of said notes *as distinguished from the balance of the notes*.

B. F. Nesbit, who had been a director of the Association since 1927 and became President upon the death of Alsop testified that "to my (his) knowledge" the notes in suit were not presented to the Association for payment until the fall of 1935, and that he had no knowledge of the existence of said notes until then.

Courtney L. Montgomery, who had been a clerk in the office of the Association since 1912 and became Secretary in November, 1935, upon the death of said E. W. Determan, testified substantially as B. F. Nesbit testified.

Appellant Association contends further in support of the assigned causes for new trial that the decision

is contrary to law and that the decision is not sustained by sufficient evidence, that "When Alsop issued the notes to himself without the knowledge of the board of directors . . . and without causing any record to be made thereof on the books of the Association and without the Association receiving anything of value therefor, certainly such actions by Alsop were in breach of faith, and a fraud on the Association and constituted a defect in the title of the . . . notes (in suit) under the Negotiable Instrument Law. . . ."

Assuming, but not deciding, that such contention is tenable as a proposition of law, it is unavailing here. The trial court was authorized to presume that there was a valid consideration for the issuance of the two notes. Plaintiffs did not have the burden of proving consideration. *Wheat* v. *Goss* (1923), 193 Ind. 558, 141 N.E. 311; *Farmers Trust Company* v. *Sprowl, Administratrix* (1919), 72 Ind. App. 564, 126 N.E. 81, 8 Am. Jur. §1002. The evidence does not conclusively prove that there was *no* valid consideration for the two notes in suit; therefore the presumption that there was a valid consideration prevails. The evidence in the instant case does not conclusively prove that the two notes in suit *were not* two of the five notes which were issued in settlement of the cancellation of stock or show that the two notes in suit were issued without the knowledge of the board of directors or that no record was made of them. The two notes in suit were not identified as being disconnected from the cancellation of said stock. We hold therefore that the evidence does not conclusively show a "breach of faith" by Alsop in the issuance of the two notes in suit, which constituted a defect in the title of Robinson, deceased, his endorsee.

Appellant contends further that the evidence shows

"without dispute" that Alsop used the notes as collateral security in a private transaction. The fact that the notes were kept by Mr. Robinson in an envelope bearing the notation and signature to which we have referred is perhaps some evidence proving that the notes were used by Alsop as collateral security but it certainly does not conclusively prove such fact. There was no further evidence which showed such fact.

Appellant states two points in support of the contended error in each of the conclusions of law. The law question presented under one of said points has been discussed in this opinion. No good purpose would be served by discussing that question with particular reference to said assigned error.

The other point stated in support of contended error in the conclusions of law is in effect that there is no finding of any resolution or authority granted by the board of directors under §4, chapter 50, Acts of 1927, §5091 Burns 1929 Supplement which limits the right of the Association "to borrow money only by resolution adopted".

Said section provided "the directors (of a building and loan association) by resolution first adopted, shall have the power to borrow money for such uses and purposes of the association, as the exigencies of the business may demand, the aggregate of such indebtedness at any time not to exceed twenty percent of the assets of such association; *and no such association shall have power to borrow money,* except as herein provided . . . ." (Our italics.) Appellant contends that since there is no finding that a proper resolution was adopted the conclusions of law are not sustained by the finding of facts.

The finding of facts and conclusions of law indicate that the court proceeded upon the theory that the Association executed the notes, delivered them to the

payee, received a valid consideration for them and that they were endorsed to Robinson, deceased, for a valid consideration. The finding of facts and conclusions of law indicate that the court did not proceed upon a theory that the notes were given as evidence of a loan. Therefore, appellant's said contention is unavailing here and we do not decide whether or not such point is tenable as a general proposition of law.

No reversible error having been shown, the judgment is affirmed.

*Dissenting Opinion on Petition for Rehearing.*

STEVENSON, J.—The appellant's petition for rehearing presents for our consideration again the question as to the burden of proof under a plea of *non est factum*. Upon a careful review, I am of the opinion that the petition for rehearing should be granted. It is a well established rule that forgery of a negotiable instrument, except in the case of ratification or estoppel, nullifies the instrument as to all parties against whom the forgery is committed and is a defense by such parties even as against holders in due course. If the negotiable instrument was executed without authority from its supposed maker, the presumptions with which the law clothes a holder in due course do not apply. 8 Amer. Juris., §604, page 318. Our statute provides that "when a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative." §19-123 Burns Ind. Statutes 1933, §12840 Baldwin's 1934.

Evidence that the signature of the maker was forged was clearly competent under the plea of *non est factum. Dougherty* v. *Salt* (1919), 227 N.Y. 200, 125 N.E. 94; *Harris* v. *Randolph Co. Bank* (1901), 157 Ind. 120, 60 N.E. 1025

Where the execution of an instrument is denied under oath, the burden of proof of its execution is on the party claiming under it. *Baum* v. *Palmer* (1905), 165 Ind. 513, 76 N.E. 108.

Under such a plea the burden was upon the appellee in the case at bar to prove the authority of Alsop to execute and deliver the alleged notes to himself.

I think the appellant is accordingly entitled to a rehearing if for no other purpose than to clarify and correct the opinion of the court on this issue.